UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS, CDCR No. AH0847,<br><br>Plaintiff,<br><br>vs.<br><br>B.E. GRIJALVA, Correctional Counselor I, C. TISCORNIA, Library Technical Assistant, J. RAMIREZ, Litigation Coordinator,<br><br>Defendants. | Case No.: 3:20-cv-001740-CAB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

James Alexander Rials ("Plaintiff"), currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but did file an IFP motion pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an ISP accounting officer. *See* ECF No. 2 at 6-8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff has carried an average monthly balance of $116.09, had $113.69 in average monthly deposits to his account over the 6-month period

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1814(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

immediately preceding the filing of his Complaint and had an available balance of $83.49 on the books at the time of filing. (*See* ECF No. 2 at 6.) Based on this accounting, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $23.21 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary for the CDCR, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Plaintiff's Factual Allegations</u>

In July of 2019, Plaintiff was incarcerated at R.J. Donovan State Prison (RJD). Compl. at 3. Plaintiff alleges that while there, he had prepared a civil rights complaint pursuant to 42 U.S.C. § 1983 and an IFP application with the assistance of Defendant Tiscornia. *Id*. The complaint was to be filed in the United States District Court for the Eastern District of California (USDC/ED). *Id*. According to Plaintiff, on July 26, 2019, Defendant Grijalvas "summoned Plaintiff to her office with instructions to bring a stamped envelope and any document(s) intended to be mailed with his IFP application." *Id*. Plaintiff claims he gave Grijalvas his civil rights complaint and "watched her seal all documents inside an envelope." Plaintiff states that Grijalvas then told him she would put his documents in the mail that day. *Id*.

When he did not receive any notice from the court by September 5, 2019, Plaintiff asked for a copy of his legal mail log. *Id*. The log was given to him on September 10, 2019 and it did not have an entry for outgoing mail to the USDC/ED. *Id*. at 3-4. On September

12, 2019, Plaintiff asked Defendant Grijalva about the status of his legal mail and, according to Plaintiff, Grijalva refused to answer his questions. *Id.* at 4. Plaintiff alleges that on September 13, 2019, he "made an inquiry to the Clerk of the E.D. Cal. concerning the filing of his complaint." *Id.* On September 19, 2020, Plaintiff filed a 602 grievance about the failure to mail his complaint. Plaintiff claims the Clerk of Court at the USDC/ED sent him a letter on September 22, 2029 responding to his inquiry. *Id.* The letter informed him that there was no record of his complaint being received by the court. *Id.*

Plaintiff contends that Defendant Grijalva "did or permitted another person or persons to steal, remove, secrete, destroy, or mutilate his IFP application and Civil Rights complaint." *Id.* As to Defendants Tiscornia and Ramirez, Plaintiff claims they "failed to provide Plaintiff with trained legal assistance in the procedural processing of this IFP application and mailing of his legal documents." *Id.* He alleges Defendants hindered his ability to pursue his lawsuit, treated him differently than other, similarly situated individuals, and "chilled Plaintiff's right to access the court which did not advance a legitimate correctional goal." *Id.* at 4-5.

C.  <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  <u>Discussion</u>

Plaintiff alleges three causes of action. First, he alleges Defendants violated his right to access the courts. Compl. at 5. Second, he claims Defendant Grijalva retaliated against

him for filing a civil rights suit. *Id*. Third, he contends Defendants violated his Fourteenth Amendment right to equal protection. *Id*.

          1.      <u>Access to Courts</u>

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Id*. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id.* at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, Lewis holds:

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim . . . . Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id*. at 346.

The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4). Further, in addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and
/ / /

description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id*. at 417.

Although Plaintiff alleges prison authorities failed to mail his civil rights complaint to the USDC/ED after he gave it to them, Compl. at 3-4, he has not plausibly alleged that he suffered any actual injury, "such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Similarly, he provides no facts describing the nature of his claims, describing them only as "nonfrivolous." Compl. at 3. Thus, he has failed to plausibly allege an access to courts claim. *Iqbal*, 556 U.S. at 678. Accordingly, the Court finds Plaintiff's access to courts claim must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2. Retaliation

Plaintiff also alleges Defendant Grijalva retaliated against him for filing a civil rights lawsuit by failing to mail his civil rights complaint and IFP to the USDC/ED. Compl. at 5-6. To state a valid First Amendment retaliation claim, Plaintiff must assert: (1) a state actor took some adverse action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal." *Rhodes*, 408 F.3d at 568 n.11.

Even assuming Plaintiff has plausibly alleged that Defendant Grijalva took some adverse action against him by destroying or purposely failing to file his civil rights complaint and IFP as opposed to simply misplacing them, he has not plausibly alleged any facts to support an inference that such action was taken because he engaged in the protected conduct of filing a lawsuit. *Rhodes*, 408 F.3d at 567-68. Further, he has not alleged

sufficient facts showing the action "would chill or silence a person of ordinary firmness from future First Amendment Activities, *Rhodes*, 408 F.3d at 567-68, or that he suffered some other non-minimal harm as a result of the allegedly retaliatory action. *See Brodheim*, 584 F.3d at 1269 (finding prisoner's claims of a false disciplinary report, coupled with false statements to the parole board, and an "angry" threat to the prisoner that his grievance would not "stand" sufficient to allege the "absence of a legitimate penological reason for the alleged adverse actions.")

For the foregoing reasons, the Court finds Plaintiff's retaliation claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 3. Equal Protection

Plaintiff also alleges Defendants violated his Fourteenth Amendment rights to equal protection of the law was violated because "Defendants intentionally treated Plaintiff, a class of one, differently than other similarly situated persons without a rational relationship to any legitimate correctional goal." Compl. at 4-5. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) *and Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To establish an equal protection violation, Plaintiff must demonstrate "that the [challenged action], either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the two groups is justified." *Id*. (citation and quotations omitted). If the aggrieved party is a member of a protected or suspect class, or otherwise suffers the unequal burdening of a fundamental right, the court applies strict scrutiny. City

of Cleburne, 473 U.S. at 439-40. "Government actions that do not . . . involve suspect classifications will be upheld if [they] are rationally related to a legitimate state interest." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)).

Plaintiff has not stated an Equal Protection claim because he has not made a sufficient showing that "members of a certain group [are] being treated differently from other persons based on membership in that group." *McLean*, 173 F.3d at 1185. Plaintiff's Complaint contains no factual allegations which plausibly show that he has been treated differently than other inmates who seek to file civil rights complaints. He simply makes an unsupported statement that this is so. Moreover, as a prisoner, Plaintiff is not a member of a protected class under the Equal Protection Clause. *Abney v. Alameida*, 334 F. Supp. 1221, 1230 (S.D. Cal. 2004) citing *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999). Accordingly, the Court dismisses this claim pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff has failed to state any § 1983 claim upon which relief could be granted. *Iqbal*, 556 U.S. at 678.

### 4. Defendants Tiscornia and Ramirez

As to Defendants Tiscornia and Ramirez, Plaintiff has not made any specific allegations as to how those Defendants' actions violated his constitutional rights. "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim."). The only factual allegation Plaintiff provides regarding Defendants Tiscornia and Ramirez is his claim that they "failed to provide Plaintiff with trained legal assistance in the procedural processing of his IFP application and mailing of his legal documents." Compl. at 4. Because Plaintiff does not have a right to counsel in a § 1983

civil rights case, however, Tiscornia's and Ramirez's failure to provide "trained legal assistance" to him does not state a plausible legal claim. *Iqbal*, 556 at 676

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to forward whatever the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and GRANTS him sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

...

1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 10, 2020

Hon. Cathy Ann Bencivengo
United States District Judge