UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS, CDCR #AH0847,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>B.E. GRIJALVA, Correctional Counselor I, C. TISCORNIA, Library Technical Assistant, J. RAMIEREZ, Litigation Coordinator,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-001740-CAB-BLM<br><br>**ORDER DISMISSING AMENDED COMPLAINT [ECF No. 4] FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** |

On September 3, 2020, James Alexander Rials ("Plaintiff"), currently incarcerated at Ironwood State Prison ("ISP") located in Blythe, California, proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis ("IFP"). *See* Compl., ECF Nos. 1-2. On November 20, 2020, the Court granted Rials' IFP and dismissed his complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 3. Rials was given sixty days within which to file an amended complaint. *Id.*

/ / /

On January 12, 2021, Rials filed an Amended Complaint ("Am. Compl."). Rials' Amended Complaint no longer names C. Tiscornia or J. Ramirez as Defendants. *See* Am. Compl. at 1. As the Court informed Rials in its November 10, 2020 Order, any Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (stating that "an amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). Because Plaintiff has not named C. Tiscornia and J. Ramirez as Defendants in his Amended Complaint, the claims against those Defendants are deemed waived.

I.   **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.   <u>Standard of Review</u>

As with his original Complaint, Rials' Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Factual Allegations

Rials repeats many of the allegations he made in his original Complaint. He claims that on July 26, 2019, while he was incarcerated at R.J. Donovan State Prison (RJD), Defendant Grijalvas "summon[ed] Plaintiff to her office with instructions to bring an addressed stamped envelope and any document(s) I intended to be mailed with [my] IFP." Compl. at 3; Am. Compl. at 2. Rials further claims that Grijalva intentionally did not mail his documents but now alleges she did so because the documents accused Correctional Officer Bowen of sexual abuse and Correctional Officers Footman and Lozano of failing to protect Rials from Bowen's abuse. Compl. at 4; Am. Compl. at 2-3. As he did in his original Complaint, Rials contends Grijalva's actions violated his First Amendment right to access the courts and that her actions constituted retaliation against him for filing a complaint against fellow correctional officers. Compl. at 4; Am. Compl. at 3-4. He also contends his equal protection rights were violated by Grijalva's actions because he was treated differently from other inmates. Compl. at 4-5; Am. Compl. at 3-4.

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive

rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Discussion

As in his original Complaint, Plaintiff alleges three causes of action. First, he alleges Grijalva violated his right to access the courts. Am. Compl. at 4. Second, he claims Defendant Grijalva retaliated against him for filing a civil rights suit. *Id.* Third, he contends Grijalva violated his Fourteenth Amendment right to equal protection. *Id.*

1.  Access to Courts

As the Court explained to Rials in its November 10, 2020 Order, while prisoners have a constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346 (1996), in order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4). Further, in addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417.

///

As in his original Complaint, Rials has alleged prison authorities failed to mail his civil rights complaint to the USDC/ED after he gave it to them. He has also now described the nature of his claims. Am. Compl. at 3-4. However, he still has not plausibly alleged he suffered any actual injury, "such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348. Thus, his allegations remain insufficient to plausibly allege an access to courts claim and it must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2. Retaliation

As in his original Complaint, Plaintiff again alleges Defendant Grijalva retaliated against him for filing a civil rights lawsuit by failing to mail his civil rights complaint and IFP to the USDC/ED. Am. Compl. at 3-4. As the Court explained to Rials in its November 10, 2020 Order, to state a valid First Amendment retaliation claim, Plaintiff must assert: (1) a state actor took some adverse action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal." *Rhodes*, 408 F.3d at 568 n.11.

Rials' retaliation claim in his Amended Complaint suffers from the same deficiency as it did in his original Complaint. Rials has not plausibly alleged Grijalva took some adverse action against him by destroying or purposely failing to file his civil rights complaint and IFP as opposed to simply misplacing them. Moreover, he has not plausibly alleged any facts to support an inference that such action was taken *because* he engaged in the protected conduct of filing a lawsuit. *Rhodes*, 408 F.3d at 567-68. Thus, the Court finds Plaintiff's retaliation claim must be dismissed for failing to state a plausible claim upon

which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 3. Equal Protection

Plaintiff also re-alleges his equal protection claim against Grijalva by alleging she "treated Plaintiff, a 'class of one,' differently than other similarly situated inmates when she failed to mail his legal documents." Am. Compl. at 3-4. To establish an equal protection violation, a Plaintiff must demonstrate "that the [challenged action], either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the two groups is justified." *Id.* (citation and quotations omitted).

Rials' equal protection claim in his Amended Complaint is no different from the equal protection claim he brought in his original Complaint and it suffers from the same deficiencies the Court identified in its November 10, 2020 Order. First, Rials has not made a sufficient showing that "members of a certain group [are] being treated differently from other persons based on membership in that group" because his Amended Complaint contains no factual allegations which plausibly show that he has been treated differently than other inmates who seek to file civil rights complaints. *See McLean*, 173 F.3d at 1185. Further, as the Court explained to Rials in its previous Order, as a prisoner, Plaintiff is not a member of a protected class under the Equal Protection Clause. *Abney v. Alameida,* 334 F. Supp. 1221, 1230 (S.D. Cal. 2004) citing *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999). Accordingly, the Court dismisses this claim pursuant to 28 U.S.C. § 1915A(b)(1) because Plaintiff has failed to state any § 1983 claim upon which relief could be granted.

///

///

3:20-cv-001740-CAB-BLM

## II. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Plaintiff's Amended Complaint [ECF No. 4] for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because amendment would be futile, the Court the dismissal is without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (stating that "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

2. **DISMISSES** Defendants C. Tiscornia and J. Ramirez from the case and **DIRECTS** the Clerk of Court to terminate them from the docket as Defendants.

**IT IS SO ORDERED**.

Dated: February 18, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge